IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES KULA, | ) | CIV. NO. 07-00452 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING |
| vs. | ) | COMPLAINT WITHOUT |
| | ) | LEAVE TO AMEND |
| FRANCIS MALANI, ALVIN | ) | |
| TANAKA, and LIEUTENANT | ) | |
| MICHAEL CARVALHO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

On August 24, 2007, pro se Plaintiff James Kula, a prisoner incarcerated at Halawa Correctional Facility ("Halawa"), filed this prisoner civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is proceeding *in forma pauperis*.  *See* Docket. No. 4.

Plaintiff names Francis Malani, Certified Substance Abuse Counselor, Alvin Tanaka, Social Worker, and Lieutenant Michael Carvalho, (collectively "Defendants") in their individual and official capacities, as Defendants.  *See* Compl. at 3.  Plaintiff seeks monetary and injunctive relief.  *Id.* at 5.  Having now screened the Complaint as required, the court DISMISSES Plaintiff's Complaint without leave to amend.

## I. BACKGROUND

Plaintiff complains that Defendants violated his due process rights when they: (1) falsely accused him of assaulting fellow inmate Dockstader; (2) failed to properly investigate the alleged assault leading to his disciplinary charges; (3) failed to conduct a fair hearing on his disciplinary charges before finding him guilty of the infraction.  Plaintiff argues that he was denied access to drug treatment programs, work furlough, and parole.

## II. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49

F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.   Defendants Sued in Their Official Capacities Are Not "Persons" Within The Meaning of § 1983.**

Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Board of Regents*, 535 U.S. 613 (2002); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003). Defendants, as state employees, are thus not subject to suit for damages in their official capacities. Claims for damages against Defendants in their official capacity are DISMISSED

without leave to amend.

An exception to this rule applies to claims for injunctive relief against a state official in his or her official capacity. *See Bank of Lake Tahoe*, 318 F.3d at 918. Here, Plaintiff seeks injunctive relief. *See* Compl. at 5. Thus, the exception is applicable to the instant case. Accordingly, Plaintiff's claims for injunctive relief against Defendants in their official capacity remain at issue.

**B.     Plaintiff's Complaint Fails to State a Claim**

Plaintiff claims that Defendants violated his rights when they allegedly failed to properly investigate the incident leading to his disciplinary charges and when they failed to hold a fair hearing before finding him guilty of the infraction. Plaintiff also argues that Defendants coerced inmates to testify and relied on non-credible prison informants. Plaintiff states that as a result of Defendants' alleged constitutional violations he was denied access to drug treatment programs, work furlough, and parole.

There is a two-step inquiry to determine whether a prisoner's procedural due process rights were violated. First, the court must determine if the plaintiff possessed a liberty interest with which the state interfered. *See, e.g.*, *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003). If the prisoner has a protected liberty interest with

which the state interfered, the court must determine if the state's action was preceded by sufficient procedural and evidentiary safeguards. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Serrano*, 345 F.3d at 1078-79.

### 1. *Plaintiff Possessed No Protected Liberty Interest*

Prisoners possess a protected liberty interest to be free of changes in the conditions of their confinement only when those changes impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000). Liberty interests may stem from the Constitution, or, in certain circumstances, may be created by a state. *Sandin*, 515 U.S. at 484.

Prisoners have no constitutionally protected liberty interest in their eligibility for rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Prisoners also have no liberty or property interest in work or vocational programs. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980)("[a]n inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause"); *see also Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 844 (9th Cir. 1985). Similarly, a prisoner has no federal constitutional

right to parole. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7-11 (1979). Plaintiff, therefore, had no constitutionally protected liberty interest entitling him to drug treatment programs, work furlough, or parole.

Likewise, Plaintiff has no protected, state-created liberty interest in his claim. State law creates a liberty interest only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from their sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Jackson,* 353 F.3d at 755; *Neal v. Shimoda*, 905 F. Supp. 813, 817-818 (D. Haw. 1995), *rev'd on other grounds*, 131 F.3d 818 (9th Cir. 1997) (holding state prison regulations may give rise to liberty interests protected by the Fourteenth Amendment).

The Ninth Circuit has held that Hawaii's prison regulations and policies do not create a protected liberty interest in parole. *Shimoda*, 131 F.3d at 828; *see also Olim v. Wakinekona*, 461 U.S. 238, 249-51 (1983). In addition, under *Sandin*, the denial of access to rehabilitative programs and/or work furlough neither restrains Plaintiff's freedom in a manner not expected from his sentence nor imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff, therefore, has no protected, state-created liberty interest in any of his claims.

### *2.     Plaintiff's Due Process Rights Were Not Violated*

The "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Jackson*, 353 F.3d at 755.  As noted, Plaintiff possesses no protected, constitutional or state-created liberty interest in any of his claims.  Thus, the requirements of procedural due process are inapplicable here.

Even if Plaintiff possessed a protected liberty interest, his due process rights were not violated.  Plaintiff's own submissions to the court demonstrate that he did, in fact, receive notice of the disciplinary charges against him and a subsequent hearing.  *See* Compl. at 4.

As it is clear that Plaintiff has no protected liberty interests in his claims, Plaintiff's claims are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  The court has considered whether amendment is possible to cure the deficiencies discussed above.  Based on the facts presented, it is clear to the court that Plaintiff cannot claim deprivation of any protected liberty interest, and thus any attempted amendment of the Complaint would be futile.  Accordingly, the Complaint is DISMISSED without leave to amend.

## C.    28 U.S.C. § 1915(g)

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal constitutes a strike under the statute and shall be counted against Plaintiff.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's claims for damages against Defendants in their official capacity are DISMISSED without leave to amend.

2. Plaintiff's Complaint and action are DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and

\\\

\\\

\\\

§ 1915A(b).  This dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g), and shall be counted against Plaintiff.

        IT IS SO ORDERED.

        DATED:   Honolulu, Hawaii, September 26, 2007.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Kula v. Malani, et al.*, Civ. No. 07-452 JMS-LEK; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; hmg\Screening Orders 07\Kula 07-452 JMS (dsm compl)