IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES KULA, | ) | CIV. NO. 07-00452 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| vs. | ) | DENYING IN PART MOTION FOR |
| | ) | RECONSIDERATION |
| FRANCIS MALANI, ALVIN TANAKA, and LIEUTENANT MICHAEL CARVALHO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION

On November 6, 2007, pro se Plaintiff James Kula, a prisoner incarcerated at Halawa Correctional Facility ("Halawa"), filed a Motion for Reconsideration ("Motion") of the court's September 26, 2007 Order dismissing Plaintiff's Complaint without leave to amend. *See* Docket No. 5. For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

On August 24, 2007, Plaintiff filed a prisoner civil rights complaint pursuant to 42 U.S.C. §1983.[1] Plaintiff named Francis Malani, Certified Substance

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* Docket No. 4.

Abuse Counselor, Alvin Tanaka, Social Worker, and Lieutenant Michael Carvalho, (collectively "Defendants") in their individual and official capacities, as Defendants.  *See* Compl. at 3.  Plaintiff sought monetary damages and injunctive relief.  *Id.* at 5.

Plaintiff complained that Defendants violated his due process rights when they: (1) falsely accused him of assaulting fellow inmate Dockstader; (2) failed to properly investigate the alleged assault leading to his disciplinary charges; and (3) failed to conduct a fair hearing on his disciplinary charges before finding him guilty of the infraction.  Plaintiff states that as a result of the finding of guilt, he was denied access to drug rehabilitation programs, which in turn made him ineligible for work furlough and parole.

On September 26, 2007, the court dismissed Plaintiff's Complaint.  The court held that Plaintiff had no constitutionally protected liberty interests in his claims and, therefore, failed to state a claim for violation of his due process rights.  It being clear to the court that no amendment to Plaintiff's Complaint could cure the deficiencies, the court dismissed Plaintiff's Complaint without leave to amend.

On November 6, 2007, Plaintiff filed the instant Motion.  Plaintiff seeks reconsideration on the grounds that the court erred in not granting Plaintiff leave to amend his Complaint.  Plaintiff argues that the court: (1) erred when it

found that Plaintiff had no constitutionally protected liberty interest in drug rehabilitation programs, work furlough, or parole; (2) failed to consider Plaintiff's claim of conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3); and (3) failed to address the merit of Plaintiff's claims pursuant to the Americans with Disabilities Act.

## II.  LEGAL STANDARD

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).  "Whether

or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

### III.  DISCUSSION

**A.     Plaintiff Has No Protected Liberty Interest In Drug Rehabilitation Programs, Work Furlough, or Parole.**

Plaintiff argues that the court erred when it found that Plaintiff had no constitutionally protected liberty interest in drug rehabilitation programs, work furlough, or parole. Plaintiff relies on the holding in *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003). Plaintiff's reliance on *Jackson* is misplaced.

In *Jackson*, a state prisoner filed a § 1983 action against prison officials alleging that he was transferred to the security housing unit from administrative segregation after he had successfully appealed the outcome of the disciplinary hearing which placed him in administrative segregation and called for his placement in the security housing unit. The district court dismissed Jackson's complaint for failure to state a claim. On appeal, the Ninth Circuit reversed in part and remanded. The Ninth Circuit held that Jackson presented a due process claim under *Sandin v. Conner*, 515 U.S. 472 (1995). Under *Sandin*, "a prisoner possesses

a liberty interest under the federal constitution when a change occurs in confinement that imposes an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Jackson*, 353 F.3d at 755 (*quoting Sandin*, 515 U.S. at 484). Jackson demonstrated that there were material differences in living conditions between the prison's three custody levels and that placement in the security housing unit constituted an atypical and significant hardship in relation to the ordinary incidents of prison life.

*Jackson* does not stand for the proposition that *any* change in confinement amounts to an atypical and significant hardship. Indeed, it is clearly established that prisoners have no constitutionally protected liberty interest in their eligibility for rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Coakley v. Murphy*, 884 F.2d 1218 (9th Cir. 1989); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985); *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) (holding that there is no constitutional right to rehabilitation). Prisoners also have no liberty or property interest in work or vocational programs. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("[a]n inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause"); *see also Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 844 (9th Cir. 1985). Similarly, a prisoner has no federal

constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-11 (1979).

Denial of access to programs that prisoners have no constitutionally prescribed interest to participate in does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff has failed to demonstrate an intervening change in the law, new evidence, or a need to correct an error to prevent manifest injustice to convince this court to reconsider its decision. Accordingly, Plaintiff's motion for reconsideration on the grounds that the court erred when it found that Plaintiff had no constitutionally protected liberty interest in drug rehabilitation programs, work furlough, or parole is DENIED.

**B.     Plaintiff Fails to State A Claim Under 42 U.S.C. § 1985**.

Plaintiff alleged that Defendants conspired to deprive him of his right to participate in the prison drug rehabilitation program, work furlough, and parole. Plaintiff now seeks reconsideration on the grounds that the court did not adequately address Defendants' alleged conspiracy or the deprivation of his civil rights in violation of 42 U.S.C. § 1985(3).

Plaintiff fails to state a claim under § 1985(3). To state a claim under § 1985, Plaintiff must show: (1) an agreement or meeting of the minds by the defendants to deprive him of his constitutional rights; (2) a causal relationship

6

between the alleged acts done in furtherance of the conspiracy and his resulting injury; (3) a deprivation of rights under § 1983 on which the conspiracy claim is predicated; *and* (4) some racial or class-based invidious discrimination. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1181-82 (9th Cir. 1989); *see also Cassettari v. County of Nev., Cal.*, 824 F.2d 735, 739 (9th Cir. 1987).

As noted, Plaintiff has failed to show a deprivation of rights under § 1983. Plaintiff's conspiracy claim and § 1983 claim are based entirely on the same allegations. The absence of the § 1983 claim thus precludes the § 1985 conspiracy claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).

Amendment of Plaintiff's conspiracy claim is futile. As Plaintiff has failed to state a claim for violation of his due process rights, there is no underlying actionable claim on which to form the foundation of a conspiracy. Accordingly, Plaintiff's motion for reconsideration as to his conspiracy claim is DENIED.

**C.     Plaintiff Is Granted Leave to Amend His Claim Under The Americans with Disabilities Act.**

Plaintiff also moves for reconsideration on the ground that the court failed to consider his claim under the Americans with Disabilities Act ("ADA") in its September 26, 2007 Order.

Without question, the Complaint fails to state a claim for an ADA violation. The Complaint merely references a citation to the ADA ("42 U.S.C. 12131, et seq.") in its jurisdictional statement, but provides no further discussion of the ADA claim. Even liberally construing Plaintiff's Complaint, he has failed to allege *any* facts to support an ADA claim. Plaintiff made *no* allegation of *any* disability or that he was denied access to the drug rehabilitation program by reason of a disability. As such, Plaintiff's ADA claim is DISMISSED.

This does not end the inquiry, however. In his Motion, Plaintiff clarifies that he alleges that Defendants conspired to deprive him of his right to participate in the prison drug rehabilitation program by reason of his disability in violation of the ADA. Mot. at 6. Accordingly, the court addresses whether Plaintiff should be given leave to amend the Complaint, or whether such an amendment would be futile.

The Supreme Court has stated that Title II of the ADA applies to state prisons and inmates. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998). "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was

either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); 42 U.S.C.A. § 12132.

The ADA defines disability as: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual[;]" (2) "a record of such impairment[;]" or (3) "being regarded as having such impairment." *Id.* at 896. The disability claimed by Plaintiff is that he is a drug addict. "Drug addiction that substantially limits one or more major life activities is a recognized disability under the ADA." *Id.* The ADA protects qualified individuals who: (1) have successfully completed a supervised drug rehabilitation program and are no longer using illegal drugs; (2) are participating in a supervised drug rehabilitation program and are no longer using illegal drugs; (3) are erroneously regarded as using drugs when they are not. *Id.*; *see also Collings v. Longview Fibre Co.*, 63 F.3d 828, 831-32 (9th Cir. 1995).

Under Title II, the phrase "qualified individual with a disability" also "means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility

requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Under the statutory definition, a plaintiff would have to prove . . . [that he is] eligible for the participation in the program sought." *Toney v. Goord*, 2006 WL 2496859, at *8 (N.D.N.Y. Aug. 28, 2006).

At this juncture, the court is unable to conclude that permitting Plaintiff to amend his Complaint would be futile. As a result, Plaintiff's motion for reconsideration as to his ADA claim is GRANTED. Plaintiff is hereby GRANTED leave to amend his claim under the ADA only, and is given up to and including January 4, 2008, to file an Amended Complaint.

### IV. <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration of his § 1983 claim that he has a constitutionally protected liberty interest in drug rehabilitation programs, work furlough, and parole is DENIED.

2. Plaintiff's Motion for Reconsideration of his claim under 42 U.S.C. § 1985(3) is DENIED.

3. Plaintiff's Motion for Reconsideration of his claim under the ADA is GRANTED. Plaintiff is hereby GRANTED leave to amend his claim under the

ADA, but not as to any other claims.  Plaintiff is given up to and including January 4, 2008, to file an Amended Complaint.  **Failure to file an Amended Complaint by January 4, 2008, will result in AUTOMATIC DISMISSAL of this action without prejudice.**

4.  If Plaintiff decides to amend the Complaint in accordance with this Order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule 10.3.  The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

5.  The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 4, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kula v. Malani, et al.*, Civ. No. 07-00452 JMS; Order Granting in Part and Denying in Part Motion for Reconsideration; hmg\Reconsideration\Kula 07-452 (ord dny mot. recon)