IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES KULA, ) | CIVIL NO. 07-00452 JMS-LEK |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DISMISSING AMENDED |
| vs. ) | COMPLAINT AND ACTION |
| ) | PURSUANT TO 28 U.S.C. § 1915 |
| FRANCIS MALANI, ALVIN ) | |
| TANAKA, and LIEUTENANT ) | |
| MICHAEL CARVALHO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DISMISSING AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915

On January 7, 2008, pro se Plaintiff James Kula, a Hawaii prisoner incarcerated at Saguaro Correctional Center ("SCC") in Eloy, Arizona, filed an Amended Complaint. For the following reasons, Plaintiff's Amended Complaint is DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915.

### I. BACKGROUND

On August 24, 2007, Plaintiff filed a prisoner civil rights complaint pursuant to 42 U.S.C. §1983.[1] At the time of filing, Plaintiff was incarcerated at

---

[1] Plaintiff is proceeding *in forma pauperis*. *See* Docket No. 4.

Halawa Correctional Facility ("HCF") in Aiea, Hawaii.  Plaintiff named Francis Malani, Certified Substance Abuse Counselor, Alvin Tanaka, Social Worker, and Lieutenant Michael Carvalho, (collectively "Defendants") in their individual and official capacities, as Defendants.  *See* Compl. at 3.  Plaintiff sought monetary damages and injunctive relief.  *Id.* at 5.

Plaintiff complained that while incarcerated at Kulani Correctional Facility ("KCF") in Hilo, Hawaii, Defendants violated his due process rights when they: (1) falsely accused him of assaulting fellow inmate Dockstader; (2) failed to properly investigate the alleged assault leading to his disciplinary charges; and (3) failed to conduct a fair hearing on his disciplinary charges before finding him guilty of the infraction.  Plaintiff states that as a result of the finding of guilt, he was denied access to drug rehabilitation programs, which in turn made him ineligible for work furlough and parole.

On September 26, 2007, the court dismissed Plaintiff's Complaint. The court held that Plaintiff had no constitutionally protected liberty interest in his claims and, therefore, failed to state a claim for violation of his due process rights. It being clear that no amendment to Plaintiff's Complaint could cure the deficiencies, the court dismissed Plaintiff's Complaint without leave to amend.

On November 6, 2007, Plaintiff filed a Motion for Reconsideration

("Motion"). Plaintiff sought reconsideration on the grounds that the court erred in not granting Plaintiff leave to amend his Complaint. Plaintiff argued that the court: (1) erred when it found that Plaintiff had no constitutionally protected liberty interest in drug rehabilitation programs, work furlough, or parole; (2) failed to consider Plaintiff's claim of conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3); and (3) failed to address the merit of Plaintiff's claims pursuant to the Americans with Disabilities Act ("ADA").

On December 4, 2007, the court granted in part and denied in part Plaintiff's Motion. The court reaffirmed that Plaintiff had no constitutionally protected liberty interest in drug rehabilitation programs, work furlough, or parole, and that Plaintiff failed to state a claim under 42 U.S.C. § 1985(3). The court, however, granted Plaintiff leave to amend his ADA claim. The court concluded that although Plaintiff's Complaint merely referenced a citation to the ADA ("42 U.S.C. 12131, et seq.") in its jurisdictional statement, and provided no further discussion of the ADA claim, the court was unable to reach the conclusion that amendment of Plaintiff's Complaint would be futile. For this reason, Plaintiff was granted leave to file an amended ADA claim.

On January 7, 2008, Plaintiff filed the instant Amended Complaint under 42 U.S.C. § 1983 as well as 42 U.S.C. §§ 12131-12165. Plaintiff realleges

that Defendants violated his due process rights when they: (1) falsely accused him of assaulting fellow inmate Dockstader; (2) failed to properly investigate the alleged assault leading to his disciplinary charges; and (3) failed to conduct a fair hearing on his disciplinary charges before finding him guilty of the infraction. Plaintiff also complains that Defendants conspired to deprive him of his right to participate in the prison drug rehabilitation program by reason of his disability of drug addiction in violation of the ADA.

## II.  LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49

F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

**A.   Plaintiff's Claims Against Defendants for Violation of His Due Process Rights Under 42 U.S.C. § 1983 Remain Dismissed**

Plaintiff realleges that Defendants violated his due process rights when they: (1) falsely accused him of assaulting fellow inmate Dockstader; (2) failed to properly investigate the alleged assault leading to his disciplinary charges; and (3) failed to conduct a fair hearing on his disciplinary charges before finding him guilty of the infraction.  The court rejected Plaintiff's due process claim in the September 26, 2007 Order, as well as in the December 4, 2007 Order granting in part and denying in part Plaintiff's Motion.  The court will not address the merits of Plaintiff's claims a third time.  Plaintiff's claims against Defendants for violation of his due process rights remain DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**B.     Plaintiff's Claims for Injunctive Relief Are Dismissed**

Plaintiff seeks injunctive relief.  *See* Am. Compl. at 7.  Transfer of a prisoner to another prison, however, renders moot claims for injunctive relief regarding the prisoner's conditions of confinement when there is neither a reasonable expectation nor a demonstrated probability that the prisoner will return to the facility.  *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

The allegations contained in Plaintiff's Amended Complaint occurred at KCF in Hawaii.  It is clear from the face of Plaintiff's Amended Complaint that he is no longer incarcerated at KCF and is, in fact, presently incarcerated at SCC in Arizona.  Plaintiff has made no showing that there is a reasonable expectation or probability that he will return to KCF.  Accordingly, Plaintiff's claims against Defendants for injunctive relief are DISMISSED as moot.

**C.     Plaintiff's Claim Against Defendants for Violation of the ADA Under 42 U.S.C. §§ 12131-12165 Is Dismissed**

Plaintiff's claim against Defendants for violation of the ADA is not well-articulated.  Plaintiff alleges that Defendants conspired to deprive him of *his right* to participate in the prison drug rehabilitation program by reason of his disability of drug addiction in violation of the ADA.  As noted, the court has

concluded on two previous occasions that Plaintiff has no protected liberty interest to participate in a drug rehabilitation program under 42 U.S.C. § 1983. Likewise, Plaintiff has no right to participate in a drug rehabilitation program under the ADA. "The ADA does not require a government entity to provide any particular service." *Niece v. Fitzner*, 922 F. Supp. 1208, 1218 (E.D. Mich. 1996). "Rather, the ADA requires that, if the entity does in fact provide a service . . . it must use methods or criteria that do not have purpose or effect of impairing its objectives with respect to individuals with disabilities." *Id.* (internal quotations omitted).

       Based on Plaintiff's admission that he participated in a drug treatment program while incarcerated at KCF, it is clear that the facility provided a drug rehabilitation program. *See* Am. Compl. at 4. The court, therefore, liberally construes Plaintiff's Amended Complaint to allege that Defendants excluded Plaintiff from the prison drug rehabilitation program by reason of his disability of drug addition in violation of the ADA.

       As a preliminary matter, it appears to the court that Plaintiff's assertion that he was denied participation in the prison drug rehabilitation program on the basis of his disability of drug addiction is frivolous. On the facts presented, a categorical denial based on the disability of drug addiction would inevitably exclude all inmates who are recovering addicts from participating in the drug

rehabilitation program thereby rendering the prison drug program unnecessary. This argument lacks merit and falls outside the scope of protection under the ADA. Nonetheless, the court will evaluate Plaintiff's claim.

The Supreme Court has stated that Title II of the ADA applies to state prisons and inmates. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998). "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); 42 U.S.C. § 12132.

The ADA defines disability as: (1) "a physical or mental impairment that substantially limits one or more of the major life activities of such individual;" (2) "a record of such impairment;" or (3) "being regarded as having such impairment." *Thompson,* 295 F.3d at 896. The disability claimed by Plaintiff is that he is a drug addict. "Drug addiction that substantially limits one or more major

life activities is a recognized disability under the ADA." *Id.* The ADA protects qualified individuals who: (1) have successfully completed a supervised drug rehabilitation program and are no longer using illegal drugs; (2) are participating in a supervised drug rehabilitation program and are no longer using illegal drugs; and (3) are erroneously regarded as using drugs when they are not. *Id.*; *see also Collings v. Longview Fibre Co.*, 63 F.3d 828, 831-32 (9th Cir. 1995).

Under Title II, the phrase "qualified individual with a disability" also "means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Under the statutory definition, a plaintiff would have to prove . . . [that he is] eligible for the participation in the program sought." *Toney v. Goord*, 2006 WL 2496859, at *8 (N.D.N.Y. Aug. 28, 2006).

Plaintiff meets the first, second, and third prongs of the four part test to state a claim of disability discrimination under the ADA. Plaintiff states that he is a known drug addict and that he was participating in a supervised drug rehabilitation program and no longer using illegal drugs. *See* Am. Compl. at 4. In addition, Plaintiff sets forth that he was participating in the drug rehabilitation

program at KCF and was, therefore, otherwise qualified to receive the benefit of the facility's services, programs, or activities.  Finally, Plaintiff's participation in the drug rehabilitation program was terminated, thereby fulfilling the third prong of the test that he was excluded from participation in the facility's services, programs, or activities.

Plaintiff, however, fails to meet the fourth prong of the test -- that his exclusion from the drug rehabilitation program was by reason of his drug addiction. Plaintiff claims that he was terminated from the drug rehabilitation program because: (1) he was found guilty of an administrative infraction; and (2) he acted irrationally due to prolonged drug addiction.  *See* Am. Compl. at 4 & Add. Accepting these explanations as true, Plaintiff has failed to state a claim.  The court addresses each explanation in turn.

### 1. *Plaintiff's Administrative Infraction*

By Plaintiff's own submission, he was terminated from the drug rehabilitation program because he was found guilty of an administrative infraction. *See id.*  Plaintiff specifically states that, "Defendants Malani, Tanaka and Carvalho acted in concert to use the false misconduct charges for the express purpose of having me kicked out of drug treatment[.]"  *Id.*  Notwithstanding Plaintiff's allegations that Defendants fabricated misconduct charges against him, his

admission clearly establishes that he was not discharged from the drug rehabilitation program "by reason of" his disability. Instead, Plaintiff was removed from the program specifically "by reason of" the administrative infraction on his record. Accordingly, Plaintiff's first argument fails to state a claim of disability discrimination under the ADA.

### 2. *Plaintiff's Irrational Behavior*

Plaintiff states that as a result of his past drug use he acts irrationally, is mentally unstable, and exhibits impulsive behavior.[2] *See* Am. Compl. at Add. Plaintiff argues that expulsion from the drug rehabilitation program based on consideration of this behavior, which is the direct result of his former drug addiction, constitutes discrimination under the ADA. *Id.*

Under Title II of the ADA, a prison cannot categorically exclude a class of disabled inmates from access to prison programs, services or activities based on that disability. For example, in *Thompson*, the court held that a parole board may not categorically exclude a class of disabled inmates from parole consideration based on a drug addiction disability:

> We hold only that plaintiffs may state a claim under Title II based on that their allegations that the parole board failed to

---

[2] Plaintiff also claims that his medication for Hepatitis C contributed to his mental instability. *See* Am. Compl. at Add.

> perform an individualized assessment of the threat they pose to
> the community be categorically excluding from consideration
> for parole all people with substance abuse histories.

295 F.3d at 898 n.4.  The court made clear, however, that "[a] person's disability that leads one to a propensity to commit may certainly be relevant in assessing whether that individual is qualified for parole." *Id*.

In this case, Plaintiff does not claim that his former drug addiction resulted in a categorical exclusion from the drug rehabilitation program.[3]  Instead, he argues that "the actions taken against me by Defendants related directly to the negative *side effects* that my past prolonged "ice" use is known to produce: irrational and impulsive behavior."  Am. Compl. at Add.  In other words, he was individually discriminated against based on his mental instability and irrational behavior caused by his former drug addiction.  Just as *Thompson* permits prison officials to consider an inmate's propensity to commit crime as a result of a disability in denying parole, Defendants were free to consider Plaintiff's admitted irrational and unstable behavior in determining whether he was qualified to participate in a drug rehabilitation program.  According to Plaintiff's Amended

---

[3] In fact, it seems highly unlikely that such a claim could be made.  After all,  a categorical denial of participation in a drug rehabilitation program based on the disability of drug addiction would inevitably exclude *all* inmates who are recovering addicts from participating in the program.  And, as noted *supra*, the ADA does not require the prison to offer particular programs, including drug rehabilitation services.

Complaint, that is exactly what happened -- Defendants disallowed his participation in the drug rehabilitation program due his behavior, not categorically based on his former drug use.

The court concludes that because Defendants' consideration of Plaintiff's poor behavior in determining whether to terminate his participation in drug rehabilitation is not a categorical denial based on his disability, and treating all of Plaintiff's allegations as true, Plaintiff's removal from the drug rehabilitation program was not in violation of his rights under the ADA.

The policy considerations underlying *Thompson's* application in the parole setting are equally relevant here.  The court is mindful that "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security[,]" *Whitley v. Alberts*, 475 U.S. 312, 321-22 (1986) (*quoting Bell v. Wolfish*, 441 U.S. 520, 547 (1979)), and that the judiciary is "ill equipped" to deal with difficult issues of prison administration.  *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989).  The consideration of Plaintiff's admittedly irrational behavior and its effect on the administration of the drug rehabilitation program falls within the scope of prison administrators' duty to maintain order and discipline within prison facilities.  As

Plaintiff's removal from the prison drug rehabilitation program did not rise to the level of a categorical denial based on his disability, the court should not interfere with the prison's execution of its policies and procedures to maintain order and security within the facility.

Consequently, Plaintiff has failed to state a claim of disability discrimination under the ADA. The court finds that any further attempted amendment of the ADA claim would be futile. Accordingly, Plaintiff's claim against Defendants for violation of the ADA under 42 U.S.C. §§ 12131-12165 is DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**D.    28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal constitutes a strike under the statute and shall be counted against Plaintiff.

## IV. **CONCLUSION**

IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Defendants for violation of his due process rights under 42 U.S.C. § 1983 remain DISMISSED without leave to amend for failure to state a claim.

2. Plaintiff's claims against Defendants for injunctive relief are DISMISSED as moot.

3. Plaintiff's claims against Defendants for violation of the ADA under 42 U.S.C. §§ 12131-12165 are DISMISSED without leave to amend for failure to state a claim.

4. Plaintiff's Amended Complaint and action are DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). This dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g), and shall be counted against Plaintiff.

///

///

///

///

///

5.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 21, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kula v. Malani, et al.*, Civ. No. 07-00452 JMS; Order Dismissing Amended Complaint and Action Pursuant to 28 U.S.C. § 1915; hmg\Screening Orders 08\Kula 07-452 (dsm amd com)